IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00159-CR

 

Bobby Dean Mathis,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 220th District Court

Hamilton County, Texas

Trial Court # 03-12-07305

 



MEMORANDUM  Opinion










 

      This appeal concerns a conviction for
sexual assault of a child.  See Act of May 28, 1997, 75th Leg., R.S., ch. 1286, § 1, sec. (a)(2), 1997 Tex. Gen. Laws 4911, 4911 (amended 2003)
(current version at Tex. Penal Code Ann.
§ 22.011(a)(2) (Vernon Supp. 2004-2005)).  We affirm.

      1.   Challenge for Cause.  In Appellant’s first issue, he contends that
the trial court erred in overruling Appellant’s challenge for cause against a
juror.  Appellant fails to show harm, where he did not request additional
peremptory challenges until after the jury lists had been drawn up.  See
Tex. Code Crim. Proc. Ann. art.
35.26(a) (Vernon 1989); Tex. R. App.
P. 44.2(b); Escamilla v. State, 143 S.W.3d 814, 821 (Tex. Crim. App.
2004), cert. denied, 125 S. Ct. 1697 (2005); McBean v. State, No.
07-02-0455-CR, 2004 Tex. App. LEXIS 11107, at *8-*14 (Tex. App.—Amarillo Dec. 9, 2004, pet. filed).  We overrule Appellant’s first issue.

      2.   Other Offenses.  In Appellant’s second issue, he contends that
the trial court erred in admitting evidence of multiple offenses by Appellant
against the victim.  Appellant contends that the evidence constituted
extraneous-offense evidence.  See Tex.
Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2004-2005).  The evidence
of which Appellant complains was not extraneous-offense evidence, but evidence
of the repeated commission of the offense alleged in the indictment.  See
Rodriguez v. State, 104 S.W.3d 87, 91 (Tex. Crim. App. 2003).   We overrule
Appellant’s second issue.

      3.   Impeachment by Specific Instances
of Conduct.  In Appellant’s
third and fourth issues, he contends that the trial court erred in sustaining
the State’s objections to evidence of specific instances of the victim’s
conduct to impeach her credibility.  See Tex. R. Evid. 608(b).  Although Appellant’s theory of
admissibility of the evidence at trial is unclear, that theory does not comport
with Appellant’s claim on appeal.  See Resendiz v. State, 112 S.W.3d
541, 547 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 1032 (2004).  We overrule Appellant’s third and fourth issues.

      4.   Impeachment by Evidence of Bias or
Prejudice.  In Appellant’s
fifth issue, he contends that the trial court erred in sustaining the State’s
objection to evidence that Appellant contends establishes the victim’s bias or
prejudice against Appellant.  Appellant does not establish that the evidence of
which he complains tends to establish bias or prejudice.  See Chambers v.
State, 866 S.W.2d 9, 26-27 (Tex. Crim. App. 1993).  We overrule Appellant’s
fifth issue.

      Having overruled Appellant’s issues, we
affirm the judgment.  

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance concurring with note)*

Affirmed

Memorandum
opinion delivered and filed June 1, 2005

Do
not publish

[CRPM]

  *  “(Justice Vance concurs.  The perfunctory
manner in which this opinion disposes of the issues does not assist the
litigants, the higher courts, the Bench and Bar, or the public.  I believe we
should provide more of the facts and our analysis in memorandum opinions. 
Thus, I cannot join this opinion.)”